FILED

1    IN THE UNITED STATES BANKRUPTCY COURT   2016 OCT 14  AM 11:09
2              SOUTHERN DISTRICT OF OHIO
3    Date: September 12, 2016
4

| Gwendolyn Bibbs<br>6838 Sayler Ave.<br>Cincinnati, Ohio 45233<br><br>VS<br>USBANK<br>80S. 8th Street Ste 224<br>Minneapolis, Minn 55402<br>Notice to Agent is notice to Principal<br>Notice Principal is notice to Agent | CASE NO.: 16 BK-13552<br><br>VERIFIED<br><br>DECLARATORY JUDGEMENT OF<br>VERIFICATION OF DEBT |
| --- | --- |

5
6
7       **DECLARATORY JUDGEMENT OF VERIFICATION OF DEBT**
8
9    Reference 6838 Sayler Ave Cincinnati. Ohio 45233
10   Loan Number: 11001886661
11   **I. Introduction**
12
13        This adversary proceeding in Bankruptcy Court is required because it pertains to

14   Plaintiff Gwendolyn Bibbs who is not involved in the Bankruptcy but the outcome of the

15   discharge affects her directly.

16

17        Defendant claims it has a security interest in the Plaintiffs' property which arises

18   from a Mortgage and **NO NOTE** signed by Plaintiff Gwendolyn Bibbs on or around June

19   1 2007

20        Declaratory Judgment is sought by the Plaintiff to compel the Defendant to

21   provide proof of claim,( **there is no note**) The Defendant currently insists on enforcing a

1    mortgage, (**NO NOTE**) but have not provided any valid proof of claim, Not even

2    photocopy of a note, (which would be inadmissible)

3

4          A Promissory Note, like a check is a one of a kind negotiable instrument.  One

5    can not take a photocopy of a check to a bank to cash it.  It is for this reason that the

6    original wet ink signature promissory note is a critical piece of material evidence to

7    establish whether or not the Defendant is the Holder in Due Course (as governed under

8    the Uniform Commercial Code), and if not, who is.

9

10         The point at issue of this controversy is the right of enforcement of the

11   Promissory Note by the Defendant. THERE IS NO NOTE!

12

13

14   **II. Jurisdiction and Venue**

15         The subject Property is in Hamilton County and therefore falls under this

16   Honorable Court's jurisdiction.  The Plaintiff lives in Hamilton County and the Defendant

17   is a corporation that have done extensive business in Hamilton County.  The diverse

18   citizenship of the litigants is covered under interstate commerce.

19

20         The Venue is IN THE UNITED STATES BANKRUPTCY COURT SOUTHERN

21   DISTRICT OF OHIO is proper under 8 U.S.C. § 1391 (b) and (c ) and 15 U.S.C. § 53(b).

22

## III. JUDICIAL NOTICE

Plaintiff moves this Honorable Court to take the following Mandatory Judicial Notice:

1) Under the Federal Rules of Civil Procedure Rule 201 (d) of the following:

a. The United States Supreme Court, in *Haines v Kerner* 404 U.S. 519 (1972), said that all litigants defending themselves must be afforded the opportunity to present their evidence and that the Court should look to the substance of the complaint rather than the form.

b. In *Platsky v CIA,* 953 F.2d 26 (2nd Cir. 1991), the Circuit Court of Appeals allowed that the District Court should have explained to the litigant proceeding without a lawyer, the correct form to the plaintiff so that he could have amended his pleadings accordingly.  Plaintiff respectfully reserves the right to amend this complaint.

2) Under the Federal Rules of Evidence:

In Omychund v Barker (1745) 1 Atk, 21, 49; 26 ER 15, 33, Lord Harwicke stated that no evidence was admissible unless it was "the best that the nature of the case will allow".

a) Rule 1002. Requirement of Original

1          To prove the content of a writing, recording, or photograph, the

2          original writing, recording, or photograph is required, except as

3          otherwise provided in these rules or by Act of Congress.

4

5          b) Rule 1003. Admissibility of Duplicates

6          A duplicate is admissible to the same extent as an original unless (1)

7          a genuine question is raised as to the authenticity of the original or (2)

8          in the circumstances it would be unfair to admit the duplicate in lieu of

9          the original.

10

11          c) Rule 901 (a). Requirement of Authentication or Identification

12          The requirement of authentication or identification as a condition

13          precedent to admissibility is satisfied by evidence sufficient to support a

14          finding that the matter in question is what its proponent claims.

15

16          A Copy of a promissory note can not be admitted as evidence unless

17          is it authenticated.

18

19          In presenting evidence regarding the promissory note, a photocopy is

20          considered a forgery for this purpose as its authenticity is at issue and it is

21          unfair to the admit the duplicate in lieu of the original.  Under Uniform

22          Commercial Code, the original is required to have a chain of endorsements

23          documenting the chain of title of ownership.  The original contains material

1    evidence pertaining to who the **current** [emphasis] holder in due course that

2    the duplicate (made years ago) can not provide.

3

4    **IV. Standard of Review**

5    The law provides that pro se/pro per litigants case must be accepted on

6    substance and be liberally construed under F.R.Civ.P 8(e).  A pro se litigant can not be

7    held to the same standard as a BAR attorney.  The law provides that a pleading should

8    be judged on the merits and not the form to afford justice to all.

9

10   **V. The Parties**

11   1. The Plaintiff, Gwendolyn Bibbs is a natural woman and resident of Hamilton

12   County seeking bankruptcy protection.  Gwendolyn Bibbs is the debtor of the loan.

13

14   3. The Defendant, USBANK, is the alleged lender of this loan with adverse

15   interest in the controversy.  Through a series of unknown and undocumented

16   transactions from the original lender, USBANK is claiming to be the current holder in

17   due course and creditor in this action, without a note!

18

19   4. New Century Mortgage is the original lender of the promissory note.

20

21

22

1

## VI. Statement of Facts

First and foremost THERE IS NO NOTE. I closed with New Century Mortgage, Now

comes both USBANK and WELLS FARGO stating they own the note. But neither

USBANK nor WELLS FARGO has any proof. There is NO NOTE!

 

     Plaintiff, Gwendolyn Bibbs did sign a promissory note and mortgage with the

NEW Century Mortgage on or around June 1, 2007.

 

     It is the pattern and practice of banking institutions to bundle and trade "mortgage

backed securities" trading and mortgage securitizations[1], therefore it is uncertain who is

actually the note holder in due course of the Plaintiff's promissory note and Mortgage

 

     Therefore, it is reasonable for the Plaintiff assume that her loan was also traded

and to verify whether or not the Defendant has a valid claim, and the lawful right of

enforcement of the alleged debt.  Therefore, the Defendant is required to verify that the

Defendant has proof of claim and standing under FRBP Rule 3001 (d).

---

[1] See eg, James R. Barth et al., A Short History of the Subprime Market Meltdown 5 fig.2 (Milken Institute 2008), available at http://www.milkeninstitute.org/publications/publications.taf?function=detail&ID=3880103 8&cat=Papers (Showing that approximately 85% of all home mortgages originated in 2006 and 2007 were securitized)

1  On January 24 2008 a complaint was filed in Hamilton County Court, however there

2  was **NO NOTE NO TRANFERE, NOTHING.** See Exhibit A

3  The propose sale date was September 22, 2016

4       The Plaintiff, Gwendolyn Bibbs filed for Chapter 13 protection on September 20,

5  2016

6

7       The plain facts are simple USBANK brought an action for foreclosure WITHOUT

8  AN PROMISSORY NOTE, now WELLS FARGO is making a claim without a promissory

9  note nor any type of transfer.

10

11 **VII. CAUSE OF ACTION**

12

13       At issue is **whether or not the Defendant have valid claim and therefore**

14 **Standing to enforce the negotiable instrument as well as claim as a creditor**.

15 Under (Uniform Commercial Code) U.C.C. Article 3 - 301, it is necessary for the

16 Defendant to establish proof of claim in order to have the authority to enforce the

17 negotiable instrument.

18

19       The power of enforcement is subject to "evidence of indebtedness".  The Plaintiff

20 hereby petitions this Honorable Court to render a Declaratory Judgment as to whether

21 or not the Defendant has valid claim on the loan as referenced in this case.

22

23

**Elements of a Declaratory Judgment**

1. There is a *bona fide*, actual, present, practical need for the declaration sought. *HERE*, the Defendant wishes to collect on a debt but have not provided any valid proof of claim not even a photocopy of an instrument made years ago to an entity other than the Defendant.  *THEREFORE*, a declaration is sought from this court to determine whether the Defendant has claim on the promissory note.

2. The declaration deals with present, ascertained or ascertainable state of facts or present controversy as to a state of facts. Anticipated future controversies will not support the action.  *HERE*, the Defendant intends to sell the property in a Sheriff Sale and claim standing as a creditor.  *THEREFORE*, the declaration is required to resolve whether the Defendant has Standing to enforce the instrument and be named a Creditor in this action.

3. Some right, power, privilege, or immunity of the complaining party is dependent on the facts or the law applicable to the facts.  *HERE*, the Plaintiff has the right to demand presentment of the original instrument under U.C.C. 3 § 501 (b) 2 (a).  It is uncertain who is the Holder in Due Course or whether the Defendant have any rights of enforcement. Under F.R.B.P. Rule 3001 (d), the Defendant must provide proof of claim of perfection of their security interest.  *THEREFORE*, the Plaintiff motions this court to compel the Defendant to provide valid proof of claim.

4. Some person has or may have an actual, present, adverse, and antagonistic

interest in the subject matter, either in fact or law. *HERE*, the Defendant claims to have

the right of Holder in Due Course and seeks to enforce the negotiable instrument as a

creditor.  As it is the pattern and practice of the banking industry to sell/assign notes that

comes into their possession, the Plaintiff has the right to know who is the real party of

interest in this subject matter. *THEREFORE*, the declaration is required to clarify each

party's position in this controversy.


5. The adverse and antagonistic interest is before the court by proper process or

class representation. *HERE*, there is genuine adverse interest.  The Defendant wishes

to foreclose on the subject property and claim standing as a creditor but have not

provided valid proof of claims as defined under Ohio Commercial Code nor F.R.B.P.

Rule 3001 (d).  THUS, intervention of the court is sought to clarify the Defendant's

position and the rights of the Plaintiff.


6. The relief sought is not merely the giving of legal advice by the court or an

answer to questions founded merely in curiosity. *HERE*, an absolute declaration is

petitioned before this court to adjudicate the rights of each party involved in this

controversy.  The Defendant wishes to enforce the note and claim standing as a creditor

but have not provided any proof of claim.  THUS, a declaration is needed to compel the

Defendant to either provide proof of claim or release their claim over the Plaintiff.


*In conclusion*, having fulfilled all the elements of the declaratory judgment, this

court has subject matter jurisdiction to declare the rights of each party in this clear and

present controversy involving the promissory note, who the real parties of interest are and who has standing to enforce the negotiable instrument as a creditor.

## VIII. PRESUMPTIONS OF LAW REBUTTED

**1) The Defendant Has Valid Standing to Enforce the Note**

It is the presumption that the Defendant has valid Standing to Enforce the promissory note.

The Plaintiff hereby motions the court to take judicial notice that the Plaintiff is rebutting this presumption.  This right of enforcement is at issue.

## IX. Claims

**1) The Defendant has no Standing to Enforce the Negotiable Instrument**

It is pattern and practice of banking institutions to sell and/or assign loans, therefore it is uncertain who is actually the **current** [emphasis] note holder in due course and who is entitled to enforce the promissory note.  This is evident by the fact that the original lender was New Century Mortgage, now both USBANK and WELLS FARGO are making claims, without either one producing the original note.

1

2

3        At issue is who the Holder is and whether the Defendant has the authority of or

4   from the Holder.  Under U.C.C. 3 - 301, the authority to enforce the promissory note

5   comes directly from the Holder in Due Course.  **Under F.R.B.P. Rule 3001 (d), the**

6   **Defendant must provide valid proof of claim as a creditor**.  Specifically, the

7   Defendant must provide evidence of perfected security interest.

8

9        Federal Circuit Courts have ruled that the only way to prove the perfection of any

10  security is by **actual possession of the security**. See Matter of Staff Mortg. & Inv.

11  Corp., 550 F.2d 1228 (9th Cir 1977).  Unequivocally the Court's rule is that in order to

12  prove the "instrument", possession is mandatory.

13

14       Under U.C.C. 3 - 501 (b) 2 (a) the original wet ink signature promissory note is

15  the only allowable evidence as proof of claim.  The original promissory note is **critical**

16  **material evidence** [emphasis] to support the Defendant's proof of claim as it contains

17  the only valid and legally binding chain of title of assignment on the negotiable

18  instrument and identifies who the last legal Holder in Due Course.  A photocopy of the

19  instrument made years ago is insufficient proof of claim and is rejected by the Plaintiff[2]

20  as it does not provide any evidence as to who the ***current*** [emphasis] Holder in Due

21  Course is.

22

---

[2] *Indymac Bank v. Boyd*, 880 N.Y.S.2d 224 (2009).

1      Under U.C.C. 3 - 308 (a), the signature in an instrument denied by the Party

2    under whom enforcement is required is not admissible.  The burden of proof must be

3    bore by the Party seeking enforcement (the Defendant).   Therefore, for the purpose of

4    this controversy, all photocopies of the promissory note is considered a forgery as the

5    signature on any photocopy supplied by the Defendant can not be verified, and its

6    authenticity is disputed.

7

8      If Defendant can not show they are a Note Holder in Due Course nor establish

9    lawful authority from the true Note Holder in Due Course, then they have no Standing to

10   have the right of enforcement or claim as a creditor.

11

12

13     No record document suggests that New Century Mortgage transferred its

14   beneficial interest to Wells Fargo, or USBANK

15

16     The Plaintiff motions this Court to take Judicial Notice of the Memorandum in

17   Support of the Declaratory Judgment for this case.

18

19     **3) The Defendant lacks Standing as a Creditor in this controversy**.

20     Fed. R. Civ. P. 17 states "an action must be prosecuted in the name of the real

21   party of interest."  The standing doctrine "involves both constitutional limitations on

22   federal court jurisdiction and prudential limitations on its exercise." Kowalski v. Tesmer,

23   543 U.S. 125, 128-29, 125 S. Ct. 564, 160 L. Ed. 2d 519 (2004) (quoting Warth v.

1   Seldin, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2D 343 (1975)).  Constitutional

2   standing under Article III requires, at a minimum, that a party must have suffered some

3   actual or threatened injury as a result of the defendant's conduct, that the injury be

4   traced to the challenged action, and that it is likely to be redressed by a favorable

5   decision. (Valley Forge Christian Coll. V. Am. United for Separation of Church and

6   State, 454 U.S 464, 472, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982) (citations and internal

7   quotations omitted)).  Beyond the Article III requirements of injury in fact, causation, and

8   redressibility, the creditor must also have prudential standing, which is a judicially-

9   created set of principles that places limits on the class of persons who may invoke the

10  courts' powers. (Warth v. Seldin, 422 U.S. 490, 499, 95 S. Ct. 2197, 45 L.Ed. 2d 343

11  (1975)).  As a prudential matter, a plaintiff must assert "his own legal interests as the

12  real party in interest". (Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir. 2004),

13  as found in Fed. R. Civ. P 17, which provides "an action must be prosecuted in the

14  name of the real party of interest"

15

16      In order to have Standing in this controversy, the Defendant must show that they

17  are a real party of interest (Patton v. Diemer, 35 Ohio St. 3d 68; 518 N.E.2d 941; 1988),

18  In re Weisband v. GMAC, UNITED STATES BANKRUPTCY COURT FOR THE

19  DISTRICT OF ARIZONA. Case No. 4:09-bk-05175-EWH.

20

1    Under Generally Accepted Accounting Principles, a Creditor is defined as a party

2    who has Debited his account and Credits the Debtor. [3], [4]

3    If the Defendant can not show actual loss as a result of the issuance of the loan,

4    they are not a real party of interest and therefore do not have Standing in this

5    controversy.

6

7    **X. CONCLUSION**

8    If the Defendant wishes to claim standing as a creditor, they must first provide

9    proof that they are in fact entitled to enforce the security instrument.  Much like making

10   payments for a stolen vehicle, under Ohio Commercial Code, the Debtor is entitled to

11   demand proof of ownership of the Note and/or written authority from the boni fide holder

12   in due course from the Defendant.

13

---

[3] "Neither, as included in its powers not incidental to them, is it a part of a bank's business to lend its credit.  If a bank could lend its credit as well as its money, it might, if it received compensation and was careful to put its name only to solid paper, make a great deal more than any lawful interest on its money would amount to.  If not careful, the power would be the mother of panics . . . Indeed, lending credit is the exact opposite of lending money, which is the real business of a bank, for while the latter creates a liability in favor of the bank, the former gives rise to a liability of the bank to another. *I Morse. Banks and Banking* 5th Ed. Sec 65; *Magee, Banks and Banking*, 3rd Ed. Sec 248." *American Express Co. v. Citizens State Bank,* 181 Wis. 172, 194 NW 427 (1923).

[4] "A bank is not the holder in due course upon merely crediting the depositors account." *Bankers Trust v. Nagler,* 23 A.D.2d 645, 257 N.Y.S.2d 298 (1965).

1    If the Defendant can not produce valid proof of claim, then they are not a real

2  party of interest and therefore have no Standing in this controversy and must be

3  removed from the record as a creditor against the Plaintiff and their property.

4

5

6  ## XI. PRAYER FOR RELIEF

7

8    WHEREFORE, Plaintiff respectfully moves this Honorable Court that should the

9  Defendant fail to produce proof of claim, that this Honorable Court enters a judgment

10 ordering the following remedies:

11  a) Declare the Debt null and void, and unenforceable between the Parties until such

12     times a real boni fide real party of interest presents itself.

13  b) Defendant Releases all claims against Plaintiff in relations to this case due to

14     lack of proof of claim and standing.

15  c) No further action can be taken against Plaintiff, including but not limited to

16     foreclosure sale, Quiet Title Action or collections.

17  d) Removes all derogatory reporting with the credit bureaus in relations to this case

18     and reporting this account as "Settled in Full".

19  e) Mark this Note as "Settled in Full" for the Defendant's own record as well as all

20     public records including but not limited to; all credit bureaus and county records.

f) Return all monies collected on this transaction to date with the same interest as the original promissory note, calculated from the date of the loan, paid in one lump sum within 30 days

g) Order the Defendant to issue a full reconveyance on the Mortgage within 30 days. Failing this, after which, authorize the Plaintiff to reconvey the property and declare the Mortgage null and void.

h) Any and all other remedies appropriate and necessary deemed by this Honorable Court.

Gwendolyn Bibbs, Plaintiff in Pro Per

16

## XI. VERIFICATION

I, Gwendolyn Bibbs hereby declare that the above statements are true to the best of my knowledge and belief, and that we understand it is made for use as evidence in court and is subject to penalty for perjury.

Gwendolyn Bibbs

JURAT

County of Hamilton
State of Ohio                    ) SS

Appearing and sworn before me this 11 day of October, 2016.

Having appearing before me and providing sufficient proof and evidence to be the person declaring this verification to be Gwendolyn Bibbs

My Commission Expires:



SHAWN L.Z. DeGOLYER
Notary Public, State of Ohio
My Commission Expires
May 20, 2021

17

IN THE UNITED STATES BANRUPTCY COURT
SOUTHERN DISTRICT OF OHIO

Date: September 12, 2016

| | |
|---|---|
| Gwendolyn Bibbs sir Juris<br> 6838 Sayler Ave<br>Cincinnati, Ohio 45233<br>Vs<br>USBANK<br>(Notice to Agents is Notice to Principles<br>Notice to Principles is Notice to Agents)<br>Defendant. | CASE NO.:<br><br>MEMORANDUM IN SUPPORT<br>OF DECLARATORY JUDGMENT |

## MEMORANDUM IN SUPPORT OF DECLARATORY JUDGMENT

Plaintiffs Gwendolyn Bibbs submit this Memorandum in Support of the

Declaratory Judgment.

## SUMMARY

At issue is who the Holder is and whether the Defendant has the authority of or

from the Holder.  There is no evidence that support the Defendant as having any

authority to claim the position of creditor.

1

# ARGUMENTS

As the debt is a negotiable instrument, Ohio Commercial Code is applicable in determining the rights and obligations of each party.

Under, ORC 1303.31, the authority to enforce the promissory note comes directly from the Holder in Due Course.  ORC 1303.31States:

"Person entitled to enforce" an instrument means (a) the holder of the instrument, (b) a non-holder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to 1303.36 A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

Wherein, to enforce the note, the claimant must either be the holder of the instrument or have the rights of a holder (Massachusetts In re Schwartz, 366 B.R.265 (Bankr. D. Mass. 2007)).  The Defendant have not provided evidence to support this.

Under F.R.B.P. Rule 3001 (d), the Defendant must provide valid proof of claim as a creditor and states:

2

**Rule 3001(d) Evidence of perfection of security interest.**

If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected.

HERE, the Defendant have not provided any valid proof of claim as evidence by ORC 1303.61 (b) 2 (a) which states:

(2) Upon demand of the person to whom presentment is made, the person making presentment shall **(A) exhibit the instrument** [emphasis], (B) give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so, and (C) sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.

The original promissory note is **critical material evidence** [emphasis] to support the Defendant's proof of claim as it contains the only valid and legally binding chain of title of assignment on the negotiable instrument and identifies who the last legal Holder in Due Course.  A photocopy of the instrument made years ago is insufficient proof of claim (*Indymac Bank v. Boyd*, 880 N.Y.S.2d 224 (2009) and Nosek v. Ameriquest Mortgage Company (In re Nosek), 286 Br. 374 (Bankr D Mass. 2008).) and is rejected by the Plaintiff as it does not provide any evidence as to who the ***current*** [emphasis] Holder in Due Course is.   There is no evidence of the transfer from the original lender to the Defendant.

3

Under ORC 1303.36 the signature in an instrument denied by the Party under whom enforcement is required is not admissible.  The burden of proof must be bore by the Party seeking enforcement (the Defendant).   Therefore, for the purpose of this controversy, all photocopies of the promissory note is considered a forgery as the signature on any photocopy supplied by the Defendant cannot be verified, and its authenticity is disputed.

If Defendant cannot show they are a Note Holder in Due Course nor establish lawful authority from the true Note Holder in Due Course, then they have no Standing to have the right of enforcement.(521 F.Supp. 2d (S.D. Ohio 2007) and Illinois U.S. Bank, N.A. v. Cook, 2009 WL 35286 (N.D. Ill. January 6, 2009).)

(the "Boyko" decision from Ohio Federal Court CASE NO. NO.1:07CV2282, 07CV2532, 07CV2560, 07CV2602, 07CV2631, 07CV2638, 07CV2681, 07CV2695 , 07CV2920, 07CV2930, 07CV2949, 07CV2950, 07CV3000, 07CV3029).

No record document suggests that New Century Mortgage, transferred its beneficial interest to Wells Fargo or UBANK.  Transfer of mortgage paper may be made outright (sale) or by pledge (as a security for a loan to the transferor.).   In either event, to perfect the transfer, a sale of the note could be invalidated as a fraudulent conveyance and transfer in pledge could be invalidated as an unperfected (under ORC 1309.313 UCC 9-313).  One without a pecuniary interest in the Mortgage Loan is not an oblige under the debt and, thus, has no legal standing to foreclose ab initio. (Watkins v. Bryan (1891) 91 C 492, 27 P 77).

4

Even though the servicer may  has physical custody of the note, custom in the

mortgage industry is that the investor (Fannie Mae, Freddie Mac, Ginnie Mae or

a private investor) owns the beneficiary rights to the promissory note.


**CONCLUSION**

To provide proof of claim, the Defendant must produce the original wet ink

signature as evidence showing the true chain of title transfer leading to the Defendant,

endorsing the Defendant as the Holder in Due Course.  The Defendant's reliance on

MERS's assignment has no standing and is not enforceable.

Gwendolyn Bibbs Sui Juris

5

## CERTIFICATE OF SERVICE

I hereby certify that I sent the foregoing MEMORANDUM IN SUPPORT OF DECLARATORY JUDGMENT to:

Mia Conner
Learner Sampson and Rothfuss
120 E 4th Street 8th Floor
Cincinnati, Ohio 45202

by hand  Oct 13, 2016 .

_____
Gwendolyn Bibbs

6